IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LETICIA L. CADDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 06-G-1757-S |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION**

The plaintiff, Leticia L. Caddell, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239..

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

In the instant case,  ALJ Jerome L. Munford determined the plaintiff met the first two tests, but concluded that while she has an impairment or combination of impairments considered "severe," she did not suffer from a listed impairment.  In his decision, the ALJ found that the plaintiff has the residual functional capacity to perform less than the full range of light work.  [R. 24].  Accordingly, the ALJ found the Plaintiff not to be disabled.

### THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the

alleged pain arising from that condition or (3) that the objectively
determined medical condition is of such a severity that it can be reasonably
expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

### WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling.  In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

### THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted:  "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim."  Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988).  "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary."  McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).  In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for

giving it no weight ...." McGregor, 786 F.2d at 1053.  If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true.  McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216.  The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence.  See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

The ALJ found that the plaintiff's "has 'severe' impairments of mechanical low back pain secondary to lumbar degenerative disc disease and osteoporosis, carpal tunnel syndrome, degenerative calcaneal spurs of the left foot, fibromyalgia, and dysthymic disorder, late onset. . . ." [R. 27].  The plaintiff, a native of Mexico, has a fifth grade education, and emigrated to Texas in 1978.  [R. 435].  As English is her second language, the plaintiff testified that she is able to read English some, but does not know how to write the language.  [R. 435].  Direct quotes from the plaintiff's testimony in this memorandum opinion will reflect the plaintiff's broken or substandard English.

At the ALJ hearing, the plaintiff testified that severe pain prevents her from being able to work.  In 1997, the plaintiff was involved in an automobile accident, which resulted in a fractured pelvis.  [R. 229 and 438].  She testified she now suffers from severe back pain which she rates at eight out of 10 most of the time.  [R. 439].  She takes

Methadone[1] for pain as prescribed by her treating physician. [R. 439]. The plaintiff sleeps in a recliner "because I cannot sleep in the bed," describing her pain as "awful." [R. 443]. She will sleep for a couple of hours, but the pain awakens her. [R. 443]. Her pain is at its worst on cold, damp, rainy days. [R. 448-449].

As to her daily activities, the plaintiff testified that she lives with her husband, who does the grocery shopping for her. [R. 441]. She can lift a gallon of milk, but not for very long, because of pain in her wrists caused by carpal tunnel syndrome. [R. 440]. She tries to wash dishes, but cannot stand for more than 15 minutes, after which she has to sit down to rest. [R. 441]. She cannot walk an entire city block because of pain in her hips, legs and feet. [R. 441]. She will do housework "little by little," but her daughter helps with cleaning on Saturdays, while her husband and son perform yardwork. [R. 442 and 445].

The plaintiff testified that her pain medication gives her problems with her memory and concentration: "I forgetting a lot lately. It's getting worse and worse." [R. 439]. As for the side effects of her pain medications, the plaintiff gave this apt description:

> Well in, in, in a way they help me because I don't feel the pain because it's it's too much pain. They will get me another one, Oxycontin. That one you don't feel no pain, but you stay asleep all the time, so I tell him [the doctor] not to give it to me. He said, but you're not hurting. I said but I don't want to stay asleep all the time because I do stay asleep all the time.

---

[1] Methadone hydrochloride is "a synthetic narcotic, possessing pharmacologic actions similar to those of morphine and heroin and almost equal addiction liability; . . . ." Dorland's Illustrated Medical Dictionary 1024 (28th Ed. 1994).

[R. 454-455].

The plaintiff's testimony is consistent with the medical evidence of record. The plaintiff's physician is William H. Howell, M.D., of the Carraway Medical Foundation Department of Internal Medicine, who has treated the plaintiff since July 11, 2000. [R. 190-229, 301-377]. Over the course of four and one-half years of treatment, Dr. Howell's records reflect chronic complaints of back, hip, leg and foot pain. [Id.]. Dr. Howell's continuing diagnoses include chronic pain, old pelvic injury, degenerative disc disease, and depression. [Id.]. On October 10, 2002, Dr. Howell opined that the plaintiff "is suffering from severe chronic pain and is no longer able to work." [R. 194]. He later noted that despite antidepressants, pain medications, muscle relaxants and numerous lumbar epidural injections, "her pain has increased and her level of function has declined." [R. 189].

The medical evidence also shows a "longitudinal history of complaints and attempts at relief" that support the plaintiff's pain allegations. See SSR 96-7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements."). Over the course of the plaintiff's treatment, Dr. Howell has prescribed, at various times, for pain, sleeplessness, osteoporosis, and depression: Oxycontin, Methadone, Ibuprofen, Vioxx, Effexor, Soma, Neurontin, Evista, Wellbutrin,

Lexapro, Valium, and nortriptyline. [R. 190-229, 301-377]. Dr. Howell's records reflect that the plaintiff was consistently complaining of severe pain. As Judge Allgood observed in Lamb v. Bowen: "[T]he record is replete with evidence of a medical condition that could reasonably be expected to produce the alleged pain. No examining physician ever questioned the existence of appellant's pain. They simply found themselves unable to cure the pain." 847 F.2d 698 (11th Cir. 1988).

Moreover, on March 3, 2003, Dr. Howell completed a Physical Capacities Evaluation (PCE), in which he limited the plaintiff to lifting or carrying 10 pounds occasionally or less frequently, to sitting a total of three hours, and standing or walking a total of three hours combined, in an eight-hour day. [R. 298]. Dr. Howell's March 30, 2003, Clinical Assessment of Pain is that her pain is "irretractably and virtually incapacitating to this individual." [R. 299]. He opined that physical activity such as walking, standing, bending, stooping and moving of extremities would increase her pain. [Id.]. Dr. Howell concluded that the plaintiff's drug side effects could be severe, and may cause distraction, inattention, and drowsiness. [Id.]. Dr. Howell's assessment was that her underlying condition could be reasonably expected to produce the pain she complains of. [R. 300].

Similarly, on November 23, 2004, the plaintiff underwent a Disability Determination Service consultative examination by R. Rex Harris, M.D., an orthopedic surgeon. R. 383-385]. Dr. Harris limited the plaintiff to standing a total of two hours, walking a total of two hours, and sitting a total of two hours in an eight-hour day. [R.

9

386]. His clinical assessment was that back pain would prevent the plaintiff from standing, walking or sitting for more than 15 minutes at any one time. [R. 386].

ALJ Munford attempts to discredit the plaintiff's treating physician, Dr. Howell, and the Commissioner's own consulting examiner, Dr. Harris, because:

> their opinions are not only inconsistent with the objective medical evidence which shows . . . that the claimant has only "very minimal" degenerative disc disease and borderline carpal tunnel syndrome, but that their opinions are also inconsistent with the claimant's examination and treating reports, which show . . . that her extremities had normal muscle strength, bulk and tone, and *that she does not experience any disabling pain*.

[R. 25](emphasis added). The ALJ's conclusion that the plaintiff does not experience any disabling pain is ludicrous on its face, considering that the plaintiff's own treating physician has prescribed, regularly for more than four years, powerful narcotics such as Oxycontin and Methadone which, as explained earlier, have the same narcotic effects as heroin and morphine, and are just as addictive. The ALJ's attempt to discredit Dr. Howell amounts to no more than his substituting his own medical judgment for that of a treating physician. See Hale v. Bowen, 831 F.2d 1007, 1012 n. 7 (11th Cir. 1987)(noting that the opinions contained on a PCE form, which instructed the physician to base his opinions on his clinical findings, should be assumed to be the doctor's own professional assessment ). The ALJ, therefore, "succumbed to the [forbidden] temptation to play doctor and make [his] own independent medical findings." Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996). The plaintiff has clearly met the Eleventh Circuit's pain standard. Hence, the ALJ's decision is not based on substantial evidence. See Jenkins v. Sullivan,

906 F.2d 107, 109 (4th Cir. 1990)(noting the ALJ improperly analyzed the medical evidence himself rather than eliciting additional medical testimony from physicians).

## CONCLUSION

Because the plaintiff meets the three part pain standard, the Commissioner must articulate reasons for refusing to credit the plaintiff's pain testimony.  In this case, as noted above, the ALJ's reasons for discrediting the plaintiff's pain testimony and that of her treating physician are not supported by substantial evidence.  Therefore, that testimony must be accepted as true by this court.  Hale, 831 F.2d at 1012.  The VE testified that if the plaintiff's pain testimony were credited, she would be unable to perform any work.  Therefore, the Commissioner failed to carry his burden at step five of the sequential analysis and the plaintiff is disabled within the meaning of the Social Security Act.

An appropriate order will be entered.

DONE and ORDERED 22 February 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.